IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOULEYMANE DIARRA,<br>    Petitioner | No. 1:23-CV-0732 |
|  | (Judge Munley) |
| v. |  |
| WARDEN FCI ALLENWOOD LOW,<br>    Respondent |  |

## MEMORANDUM

Petitioner Souleymane Diarra initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Diarra contends that he was issued a "fake" immigration detainer by the Federal Bureau of Prisons (BOP), violating his Fifth Amendment rights. For the reasons that follow, the court will dismiss his Section 2241 petition.

I.   BACKGROUND

Diarra is currently serving an aggregate 61-month sentence imposed by the United States District Court for the Eastern District of Pennsylvania for conspiracy to commit wire fraud, counterfeit access device fraud, aggravated identity theft, and conspiracy to commit money laundering. See United States v. Diarra, No. 2:19-cr-00392, Doc. 126 (E.D. Pa. Nov. 10, 2022). His projected release date, via First Step Act time credit and good conduct time, is March 28, 2027. (See Doc. 6-1 at 3 ¶ 3; id. at 6).

Diarra lodged the instant Section 2241 petition in April 2023. (Doc. 1). Diarra's petition is difficult to follow, but it appears that he is alleging that the BOP provided him with a "fake" immigration detainer and he is demanding that he be given a proper detainer (Form I-247A) from the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) with a specific issue date and "probable cause." (See generally Doc. 1; Doc. 1-1). Respondent timely responded to the Section 2241 petition. (See generally Doc. 6). Diarra did not file a traverse and the time to do so has passed, so his petition is ripe for disposition.

## II.  DISCUSSION

Diarra contends that only ICE can issue an immigration detainer and that the BOP issued a "fake" detainer because he is "an African," thereby violating his due process and equal protection rights. (Doc. 1 at 8). Respondent counters that Diarra failed to exhaust his administrative remedies and that, even if he would have exhausted the instant claim, the court lacks jurisdiction to consider it. The court finds that it has no jurisdiction to entertain Diarra's Section 2241 petition and, accordingly, it must be dismissed.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. A habeas corpus petition is appropriate

when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment"). However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, 562 U.S. 521, 534 (2011) (alterations in original) (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005)).

Diarra seeks relief that does not implicate the fact, duration, or execution of his sentence. He does not challenge his criminal judgment or sentence at all. Rather, Diarra appears to seek confirmation of the existence of an immigration detainer from ICE and argues that the BOP violated his Fifth Amendment rights. Simply put, the issues raised in Diarra's Section 2241 petition do not implicate

3

habeas corpus relief and therefore this court lacks jurisdiction to entertain it. See Cardona, 681 F.3d at 537-38. Furthermore, to the extent that Diarra contends that his constitutional rights have been violated, the proper vehicle for such a claim would be a federal civil rights lawsuit. See Skinner, 562 U.S. at 535 n.13. Accordingly, Diarra's habeas petition must be dismissed.[1]

## III. CONCLUSION

Based on the foregoing, the court will dismiss Diarra's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 1/10/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[1] The court offers no opinion regarding whether an immigration detainer has been lodged against Diarra by ICE, although it appears that one was issued on January 17, 2023. (See Doc. 6-1 at 11-14). The form that the BOP provided to Diarra (Doc. 1-3; Doc. 6-1 at 10) is not a "fake" immigration detainer; it is a "Detainer Action Letter" (form BP-AO394) dated March 29, 2023, and directed to the local ICE office indicating that DHS filed a detainer against Diarra.